## STRAUGHAN v. METROPOLITAN R. CO.

(Court of Appeals of District of Columbia. Submitted November 6, 1924. Decided December 1, 1924.)

No. 4093.

Dismissal and nonsuit ⬅➡81(3)—Motions to open up judgment of nonsuit and order refusing to vacate judgment after lapse of 35 years held properly denied.

Plaintiff's motions for writ of inquiry and for judgment of fraud, wherein he sought to open up judgment of nonsuit for want of prosecution and order refusing to vacate such judgment after lapse of 35 years after entry of such judgment and order, *held* properly denied because of lapse of time.

Appeal from Supreme Court of District of Columbia.

Action by Charles W. Straughan against the Metropolitan Railroad Company. Judgment of nonsuit for want of prosecution. From an order denying his motions for writ of inquiry and for judgment of fraud, plaintiff appeals. Affirmed.

C. W. Straughan, of Rockville, Md., pro se.

R. J. Whiteford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

PER CURIAM. This case was commenced in the Supreme Court of the District on March 9, 1886, when the appellant, as plaintiff, filed a declaration against the appellee, as defendant, claiming damages in the sum of $15,000, because of personal injuries sustained by the plaintiff on February 20, 1886, in a collision between a horse-drawn street car driven by defendant's employee and a horse and wagon driven by the plaintiff; the latter charging that the collision resulted from the negligence of the defendant's driver. A plea of "not guilty" was filed by the defendant, and issue was joined on August 19, 1886. On April 19, 1888, the following entry was made in the case, to wit:

"Now comes here the defendant, offering itself ready to defend its plea herein filed; but the plaintiff, though called, comes not, nor prosecutes his suit against the defendant. Wherefore it is considered by the court that the plaintiff take nothing by his suit, and that the defendant go thereof without day, and recover against the plaintiff its proper costs about its suit herein extended, taxed at $———, and have execution thereof."

On April 23, 1888, the plaintiff filed a motion in the case, praying that the foregoing "order of discontinuance or nonsuit" be set aside and vacated, upon the ground that the attorney for the plaintiff was necessarily absent from the court, being called into another court, also that the plaintiff was absent, and the case was meritorious and entitled to a trial. On May 1, 1888, the following entry was made in the case, to wit:

"Come now here the plaintiff, by attorney, Mr. Cook, and defendant, by its attorney, Mr. Appleby, and on the motion of the plaintiff to vacate the judgment of default against the plaintiff for his failing to appear on call to prosecute, after hearing pro and con the argument of each, it is ordered that the motion be refused. Whereupon the attorney of defendant offers, on the plaintiff's giving bond in penalty of $50, toward the cost of prosecuting cause, to reinstate the same on calendar for trial,

whereon the attorney of the plaintiff holds his peace."

On March 28, 1923, after an interval of 35 years, the plaintiff filed a "motion for writ of inquiry" in the case, also a "motion for judgment of fraud," wherein he seeks upon a charge of fraud against divers persons to have the foregoing orders and judgments opened up, and judgment awarded him as demanded in his declaration. These motions were overruled by the Supreme Court of the District, whereupon the plaintiff appealed.

We affirm the order of the lower court, without costs, upon the ground, among others, that the remedy sought by the appellant is foreclosed by lapse of time.